**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-30022 |
| Plaintiff-Appellee, | D.C. No.<br>4:18-cr-00014-BMM-1 |
| v. | |
| STANLEY PATRICK WEBER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted February 6, 2020[**]
Seattle, Washington

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

Stanley Weber appeals his conviction, arguing that the district court abused its discretion when it allowed the prosecution to present certain propensity evidence at trial pursuant to Federal Rule of Evidence 414. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Weber challenges the application of *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001) for determining whether to admit Rule 414 evidence. Weber asserts that "the *LeMay* analysis does not require courts to balance the probative value of [Rule 414] evidence against anything," "giv[ing] the government [a] forbidden blank check to admit sexual misconduct evidence whenever it wishes." We disagree. In *Lemay*, we expressly acknowledged that "evidence of a defendant's prior acts of molestation will *always* be emotionally charged and inflammatory," *id.* at 1030 (emphasis added), and requires that the "protections of Rule 403 remain in place to ensure" that "the right to a fair trial remains adequately safeguarded," *id.* at 1026. Indeed, *LeMay* demands that courts "carefully evaluate the potential inflammatory nature of the proffered testimony" against the probative value of the evidence offered. *Id.* at 1030. Thus, contrary to Weber's arguments, courts applying *LeMay* must conduct the necessary Rule 403 balancing, admitting Rule 414 evidence only when the *LeMay* factors suggest that its relevance is not substantially outweighed by its prejudicial effect. *Id.* at 1031.

In fact, although *LeMay*'s factors do not require a court to explicitly state the dangers of the Rule 414 evidence at issue, the factors only make sense when one first acknowledges the inherently prejudicial nature of such evidence. If weighing evidence's prejudicial effect were not required under the *Lemay* analysis, the sole question for a court to consider would be whether the evidence was relevant; there would be no need to consider the *degree of relevance*, as *LeMay* demands. *See id.* at 1027–30. Accordingly, weighing the prejudicial effect against the probative value of such evidence is a vital piece of the *LeMay* factor analysis.

Finally, Weber argues that "*Lemay* must be improperly skewed," because case law "shows that district courts admit extraneous sexual misconduct evidence as a matter of course." However, Weber's conclusory argument is flawed. That evidence is routinely admitted doesn't necessarily prove that the analysis by which it is admitted is flawed, especially where, as here: (1) the analysis is, by its very nature, fact- and context-dependent, *see id.* at 1026–31; and (2) "the clear intent of Congress" in enacting Rule 414 was "that evidence of prior similar acts be admitted in child molestation prosecutions," *id.* at 1030; *see also United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (noting that Rules 413–415 "establish[ed] a presumption—but not 'a blank check'—favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual

3

misconduct"). Thus, Weber's arguments that *LeMay*'s factor analysis is unsound are unavailing.

2.     The district court did not abuse its discretion in admitting the propensity evidence in this case. "A district court's evidentiary rulings are reviewed for abuse of discretion." *United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019). It is apparent from the record that the district court conducted the proper Rule 403 balancing in determining whether to admit the Rule 414 evidence. For example, the district court only allowed some of the available propensity evidence—one witness to testify about each type of assault charged—that it determined was most relevant to the charged conduct. Furthermore, the court appropriately weighed the *LeMay* factors in admitting the evidence.

Thus, because the district court's determination was neither "illogical," "implausible," nor "without support in inferences that may be drawn from the facts in the record," it did not abuse its discretion in admitting this propensity evidence. *Perry v. Brown,* 667 F.3d 1078, 1084 (9th Cir. 2012) (cleaned up) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**AFFIRMED.**